**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA, )
)
                Plaintiff, ) **Criminal ACTION**
)
v. ) No. 08-10114-02
)
JUAN SOTO-MUNOZ, )
)
                Defendant. )
                                              )

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant's motion pursuant to 18 U.S.C. § 3582 (Doc. 59); and

2. Defendant's "motion to grant counsel" (Doc. 60).

The history of this case is set forth in the Tenth Circuit's Order and Judgment filed August 26, 2009 (Case No. 09-3035). The Circuit enforced the appeal waiver set forth in the defendant's petition to plead guilty and dismissed defendant's appeal. The same paragraph in the plea agreement states: "the defendant also waives any right to challenge a sentence or otherwise attempt to modify or change his sentence or manner in which it was determined and collateral attack, including, but not limited to, a motion brought under Title 28 U.S.C. § 2255 . . . a motion brought under Title 18 U.S.C. § 3582(c)(2) and a motion brought under Fed. R. Civ. P. 60(b)." During the plea colloquy, the court stated:

    THE COURT: All right. Paragraph 8 is important because it talks about your rights after what happens here in my court. You're agreeing in Paragraph 8 basically that you

will not appeal from whatever happens in my court. That's as long as I give you a sentence that's within the guideline range. Nor will you come back to me at a later date under Section 2255 or Rule 60 or any other rule or statute and ask me to reopen your case and lower your sentence. The bottom line of Paragraph 8 is that you are agreeing that you won't ever ask any court anywhere, at any time, for any reason to change whatever happens to you in this court. You understand?

    DEFENDANT MR. SOTO-MUNOZ: Yes, Your Honor.

(Doc. 47 at 11). It is noteworthy that at the time defendant entered his plea on September 19, 2008, he was 33 years old, had gone to high school in Wichita, and did not need an interpreter. In other words, defendant clearly understood the terms of his plea and the court so found at the conclusion of the plea hearing. (Doc. 47 at 15-16).

Accordingly, for the reasons stated herein and for essentially the same reasons stated in the Tenth Circuit's Order and Judgment, defendant's motion pursuant to 18 U.S.C. § 3582 is denied. Defendant's motion for counsel is likewise denied.

IT IS SO ORDERED.

Dated this __16th__ day of June 2010, at Wichita, Kansas.

                s/ Monti Belot
                Monti L. Belot
                UNITED STATES DISTRICT JUDGE