**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 08-10114-02 |
| JUAN SOTO-MUNOZ, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

Before the court are the following:

1. Defendant's pro se motion pursuant to 28 U.S.C. § 2255 (Doc. 63);

2. Defendant's application to proceed in forma pauperis (Doc. 64); and

3. Government's response (Doc. 65).

The files and records in this case disclose that on September 19, 2008, defendant entered a plea of guilty to an indictment charging a violation of 21 U.S.C. § 841(a)(b)(1)(B) (Docs. 30, 31 and 47). On February 4, 2009, defendant was sentenced to a term of 87 months imprisonment (Doc. 38). Defendant appealed and on September 17, 2009, the Tenth Circuit dismissed the appeal (Doc. 53). Defendant sought certiorari which was denied (Doc. 58). Defendant then filed a motion to reduce sentence which the court denied by memorandum and order of June 16, 2010 (Docs. 59 and 61). Defendant sought authorization to file a second or successive § 2255 motion and by its order of August 31, 2010, the Tenth Circuit dismissed the motion because defendant had never filed an initial § 2255 motion (Doc. 62). Thereafter, defendant filed the motion now before the court.

Defendant contends that his trial counsel was ineffective in four respects: (1) counsel mislead him into signing a plea agreement after personally guaranteeing him that he would receive no more than a 60-month sentence; (2) counsel failed to challenge a juvenile offense which enhanced his base offense level; (3) counsel failed to negotiate a Rule 11(c)(1)(C) plea to a 60-month sentence and (4) counsel failed to request a competency hearing which ". . . would have allowed for me to at least receive a diminished capacity role and therefore receive a lesser sentence."

When defendant entered his plea, the court determined, after defendant was sworn, that he was 33 years old, had a ninth or tenth grade education, did not require the assistance of an interpreter, had no history of mental problems and was satisfied with his counsel's representation (Doc. 47 at 2 and 3). The court explained the charge to which defendant proposed to enter a plea of guilty, the requisite elements of proof, the mandatory minimum and maximum prison sentences, and how the court would determine his sentence using the Sentencing Guidelines and the statutory factors. The court advised defendant: "I've got to tell you here that I have no idea what kind of sentence would be called for under the guidelines. What I can tell you is that regardless of what the guidelines may say, because there's a mandatory minimum sentence of five years, the sentence can't be less than five years. It could be and may be more than five years." Defendant indicated that he understood. (Id. at 10 and 11). The court also explained the appellate and collateral attack waiver in the plea agreement and admonished defendant: "Nor will you come back to me at a later date under Section 2255 or Rule 60 or any other rule or

-2-

statute and ask me to reopen your case and lower your sentence. The bottom line of Paragraph 8 is that you are agreeing that you won't ever ask any court anywhere, at any time, for any reason to change whatever happens to you in this court. You understand?" Defendant responded that he did understand. (Id. at 11). The court then turned to defendant's written petition to enter his plea which contains similar admonishments and representations. Defendant stated that he understood the petition, had no questions about it and knew he was signing it under oath. (Id. at 12).

When defendant appeared for sentence, he again assured the court that he did not require an interpreter, that he had read the unobjected-to presentence report, understood it and did not want to change or correct any portion of it with the exception of a change of address. The court informed defendant that with a total offense level of 27, a criminal history category of III he was facing an 87-108 month guideline sentence. When asked if he wished to address the court with respect to the sentence, defendant responded:

> DEFENDANT MR. SOTO-MUNOZ:    Yeah. It's kind of a little bit high; but if that's all you guys can do for me, you know, that's okay, you know.
> THE COURT: Well, okay. All right. Anything further?
> DEFENDANT MR. SOTO-MUNOZ: Yeah. You know, you know, sometimes people make some mistakes and I did one mistake, you know, cost me a lot, you know. I have to learn about that mistake. That's all I've got to say. I'm sorry.

(Doc. 48 at 6).

Notwithstanding his sworn acknowledgment that he understood he

-3-

was waiving his right to appeal, defendant filed a notice of appeal on the same day of his sentencing. For reasons not apparent in the record, the Tenth Circuit appointed counsel (Doc. 51) whose efforts, whatever they were, were unsuccessful.

The government points out that defendant waived his right to file a § 2255 motion, just as he waived his right to pursue a direct appeal. By dismissing defendant's direct appeal, the Tenth Circuit both explicitly and implicitly found that the waiver was and is enforceable. Here, defendant makes no claim, nor can he, that he did not understand the waiver of his right to file a § 2255 motion, a waiver which was contained in the same paragraph of the plea agreement as the appellate waiver. Thus defendant is foreclosed from making a claim under the waiver prong of Cockerham[1]. The question, then, is whether defendant's claims are sufficient to trigger the "validity of the plea" prong of the Cockerham exception.

Defendant's claims that his counsel "guaranteed" him that he would receive no more than a 60-month sentence and/or that his counsel failed to secure a binding plea to a 60-month sentence are contrary to the record. Defendant was specifically informed by the court that his plea could subject him to a sentence greater than 60 months, an admonition concerning which defendant acknowledged his understanding. He did not say, as common sense would dictate, "But judge, my lawyer promised me a 60-month sentence." Then, at sentencing, defendant did not object to the presentence report and he did not inform the court about his counsel's alleged failures and supposed guarantee that he

---

[1]United States v. Cockerham, 237 F.3d 1179 (10th Cir. 2001)

-4-

would receive a 60-month sentence.

Assuming, for purposes of argument only, that defendant's counsel failed to negotiate a Rule 11(c)(1)(C) plea to the mandatory minimum 60-month sentence, there is nothing in the record to indicate that the government would have gone along with such a plea agreement. Moreover, even if the parties had proposed a 60-month sentence, the court would not have approved the plea in view of defendant's criminal history and the much higher sentencing range called for in the guidelines. Thus, assuming Strickland[2] would apply, counsel was not ineffective.

Defendant's criminal history category was correctly calculated and he received no criminal history points for the unidentified juvenile charge. See exhibit A, attached. Defendant offers no explanation regarding what, if any, basis his counsel could have put forth to challenge his competency for a diminished capacity role in the offense. His unobjected-to presentence report reflects no history of mental illness. See exhibit B, attached.

Finally, the court notes that defendant's claims are inconsistent with his twice-sworn representations of satisfaction with the services of his counsel. Courts are entitled to honesty and candor, even from criminals. If all a defendant has to do to obtain relief under § 2255 is make unsupported claims which could have been, but never were, brought to the court's attention and which are totally contrary to sworn representations made by the defendant, then the court's efforts to secure voluntary and knowing pleas are a waste of time and judicial

---

[2]Strickland v. Washington, 466 U.S. 668 (1984)

resources. Based on 20 years' experience, § 2255 has outlived its usefulness (assuming it had any in the first place) and needs to be repealed or amended to severely restrict its use.

Accordingly, the court finds that the files and records conclusively show that defendant is entitled to no relief. His application to proceed in forma pauperis is granted but his motion pursuant to 28 U.S.C. § 2255 is denied.

IT IS SO ORDERED.

Dated this __24th__ day of May 2011, at Wichita, Kansas.

>s/ Monti Belot
>Monti L. Belot
>UNITED STATES DISTRICT JUDGE

Juan Soto-Munoz
Presentence Report

| | | |
|---|---|---:|
| 24. | **Base Offense Level:** The applicable guideline for a violation of 21 U.S.C. §841(a)(1), is found at U.S.S.G. §2D1.1. As the defendant is being held responsible for 36.5 grams of actual methamphetamine, which converts to 730 kilograms of marijuana as well as 41.2 grams of marijuana in addition to the 141 kilograms of marijuana, these combined equal 871.0412 kilograms of marijuana. Based on this amount, the guidelines direct that the base offense level is established at 30. U.S.S.G. §2D1.1(c)(5). | 30 |
| 25. | **Specific Offense Characteristic:** None. | 0 |
| 26. | **Victim-Related Adjustments:** None. | 0 |
| 27. | **Adjustments for Role in the Offense:** None. | 0 |
| 28. | **Adjustment for Obstruction of Justice:** None. | 0 |
| 29. | **Adjusted Offense Level (Subtotal):** Thirty. | 30 |
| 30. | **Adjustment for Acceptance of Responsibility:** The defendant has accepted responsibility for his actions in this case. Pursuant to U.S.S.G. §3E1.1(a), the offense is reduced two (2) levels. | -2 |
| 31. | The defendant entered a timely plea, thereby allowing the Government and the Court to allocate their resources more efficiently. Pursuant to U.S.S.G. §3E1.1(b), the offense is reduced one (1) additional level. | -1 |
| 32. | **Adjusted Offense Level:** Twenty-seven. | 27 |
| 33. | **Chapter Four Enhancements:** None. | 0 |
| 34. | **Total Offense Level:** Twenty-seven. | 27 |

## PART B. DEFENDANT'S CRIMINAL HISTORY

35. The defendant used the date of birth 12/16/74, at the time of each of these arrests. The age below will reflect his true age at the time of the arrest, based on his actual date of birth, 01/03/75.

    Juvenile Adjudications

    | Date of Referral/Age | Charge/Court | Date Sentence Imposed/Disp. | Guideline | Pnt |
    |---|---|---|---|---|

Exhibit A

Juan Soto-Munoz
Presentence Report

| | | | | | |
|---|---|---|---|---|---|
| 36. | 12/17/91 (Age 16) | Auto Burglary and Theft. Sedgwick County District Court, Wichita, KS Case No. 92JV26 | **04/27/92:** Adjudicated. **06/01/92:** Sentenced to probation. $51 restitution. | 4A1.2(c) | 0 |

The defendant had representation. According to the police report, a woman called the police department stating her car had been broken into behind the bingo parlor at 21st and Amidon Street in Wichita, Kansas. She claimed stereo equipment and a radar detector was taken from her vehicle. At the same time, a police officer was pulling into the same parking lot and was approached by three people who stated they were going in to play bingo and noticed the vehicle next to theirs had been broken into. The officer thought the behavior of the three men was suspicious so he detained them. The owner of the vehicle that was broken into identified her belongings in the vehicle of the people being held. The suspects were identified as Juan Munoz; the defendant, Castulo Jimenez and Frank Caballero. All three later admitted to taking the items from the victims car.

| | | | | | |
|---|---|---|---|---|---|
| 37. | 04/26/92 (Age 17) | No Proof of Insurance. Municipal Court, Wichita, KS Case No. 92TM12614 | **08/18/92:** Warrant issued for failure to appear. **01/30/02:** Warrant issued for failure to appear. **04/02/02:** Pled guilty. Sentenced to 3 months jail. Sentence suspended. Placed on one year non-supervised probation. $400 fine, $200 waived. | 4A1.2(c) | 0 |

The defendant waived his right to representation. Additional charges of No Driver's License, Lights Required Certain Hours and Seatbelt Required were dismissed per a plea agreement. The defendant still owes $298 on this case.

Juan Soto-Munoz
Presentence Report

### Physical Condition

54. For identification purposes, the defendant is 5' 7" tall and weighs 200 pounds. He has brown eyes and black hair. The defendant denies any tattoos or birthmarks that would aid in identification. He has a mole on the left side of his neck. The defendant also has scars on both of his pointer fingers as well as a scar on his forehead.

55. Mr. Soto-Munoz indicated he is in good health other than an infection in a tooth. That ailment needs to be addressed, according to him. The defendant denied any allergies, diseases or handicaps. He does not need corrective lenses.

### Mental and Emotional Health

56. Mr. Soto-Munoz denies a history of mental illness. He is not presently under the care of a mental health professional, nor taking any psychotropic medication. The defendant stated he has never undergone any type of psychological evaluation, been hospitalized for psychiatric treatment or been adjudicated mentally incompetent.

### Substance Abuse

57. At age eighteen, Mr. Soto-Munoz began using drugs and alcohol. He related he has dealt with substance issues since that time. He further noted he would like to receive drug treatment to help him deal with his difficulties with substances.

58. The defendant reported he last used alcohol, marijuana, powder cocaine and methamphetamine in May of 2008. He stated alcohol, marijuana and powder cocaine were "sometimes" a problem for him. He has never been in treatment but would like to receive treatment.

### Education and Vocational Skills

59. Mr. Soto-Munoz stated he attended Wichita Public School USD 259 from the first to the fifth grade and then his family moved back to Mexico, so he attended school in Mexico, until his family returned to the United States. The defendant reported attending Wichita High School North for his freshman to junior year of high school. He indicated he stopped attending school to secure employment. The school was unable to locate any record of the defendant's attendance in the school system. Mr. Soto-Munoz noted he has not attempted to secure any further schooling.

60. The defendant is fluent in Spanish. He can speak English very well, but cannot read or write English. Mr. Soto-Munoz believes he has specialized skills in laying carpet.